```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION


TCYK, LLC,                         :

        Plaintiff,                 :

    v.                             :      Case No. 2:13-cv-688

                                   :      JUDGE MICHAEL H. WATSON
Does 1-37,                                Magistrate Judge Kemp

        Defendants.                :
```

ORDER

This matter is before the Court on the motion for leave to take discovery prior to the Rule 26(f) conference filed by plaintiff TCYK, LLC.  For the following reasons, the motion for leave (#3) will be granted.

I.

This is a copyright infringement and contributory copyright infringement case involving the file transfer technology known as BitTorrent.  The use of this technology, which allows peer-to-peer file sharing, has resulted in much litigation as of late. See, e.g., Third Degree Films, Inc. v. John Does 1-72, 2013 WL 1164024 (E.D. Michigan March 18, 2013)(provides detailed explanation of BitTorrent file-sharing protocol).  The focus of the litigation has been the alleged use of this technology to unlawfully reproduce and distribute via the internet copyrighted motion pictures.  The particular motion picture at issue in this case is "The Company You Keep."

In this case, TCYK has identified thirty-seven Doe defendants by the internet protocol (IP) address assigned to them by their internet service providers (ISPs).  TCYK has attached to its complaint the ISP for each defendant, the torrent file copied and distributed by them, and their location at the time of the

allegedly infringing download.  Through its current motion, TCYK seeks to serve a Rule 45 subpoena on the ISPs that issued the IP addresses to uncover the identity of the account holders of these IP addresses, including their names, addresses, telephone numbers, email addresses, and Media Access Control addresses. The identified ISPs include Armstrong Cable Services, Clear Wireless, Com Net, Comcast Cable, Embarq Corporation, Fairpoint Communications, Frontier Communications, LUMOS Networks, OARNet, Suddenlink Communications, Verizon Wireless, WideOpenWest, and Wildblue Communications.  TCYK states that any information disclosed in response to the subpoena will be used only for the purpose of protecting its rights under the Copyright Act.

                                II.

Fed.R.Civ.P. 26(d) provides generally that discovery may not begin prior to the Rule 26(f) conference.  However, Rule 26(d) also provides that expedited discovery may be conducted prior to that conference when authorized by court order.  Consequently, a district court has the discretion to permit discovery prior to a Rule 26(f) conference.  See, e.g., Qwest Communs. Int'l Inc. v. Worldquest Networks, Inc., 213 F.R.D. 418, 419 (D. Colo. 2003). Courts within the Sixth Circuit require a showing of good cause in order to authorize expedited discovery.  Tesuco Holdings Ltd. v. Does 1-12, 2012 WL 6607894 (E.D. Tenn. December 18, 2012).

Good cause may be found based upon "(1) allegations of copyright infringement, (2) the danger that the ISP will not preserve the information sought, (3) the narrow scope of the information sought, and (4) the conclusion that expedited discovery would substantially contribute to moving the case forward." Best v. Mobile Streams, Inc., 2012 WL 5996222, *1 (S.D. Ohio November 30, 2012), citing Arista Records, LLC v. Does 1-9, 2008 WL 2982265 (S.D. Ohio July 29, 2008).  Courts also look to whether evidence would be lost or destroyed with time and

whether the proposed discovery is narrowly tailored.  Id.; see also Arista Records, LLC v. Does 1-15, 2007 WL 5254326 (S.D. Ohio May 17, 2007).

TCYK contends that it has demonstrated good cause under the standards described above.  On this issue, TCYK asserts that it has sufficiently identified the Doe defendants through their IP addresses.  Further, it contends that it has asserted a prima facie case for direct copyright infringement.  It also contends that it has only a limited time for obtaining the identities of the Doe defendants becaue ISPs may erase the data.  Additionally, TCYK asserts that a claim for copyright infringement presumes irreparable harm to the copyright owner.  Further, TCYK argues that defendants have no expectation of privacy in this information and will not be prejudiced by its disclosure.  Finally, it contends that its requests are narrowly tailored and the information it seeks will be used only for the purposes of protecting their rights under copyright laws.

TCYK also argues that "courts throughout the country" have "consistently" granted motions for expedited discovery in actions against BitTorrent defendants.  The Court's review of the authority cited by TCYK indicates that this is generally true.  Courts within the Sixth Circuit have found good cause and granted motions for expedited discovery in such actions as well.  See, e.g., Vision Films, Inc. v. Does 1-16, 2013 WL 1385206 (E.D. Tenn. April 3, 2013); Malibu Media, LLC v. John Does 1-9, 2013 WL 142083 (E.D. Mich. January 11, 2013)(granting motion in part).

In granting expedited discovery in BitTorrent cases, courts have found several factors significant.  One such factor is the specificity with which the defendants have been identified, including the assigned IP addresses, the date and time of the alleged illegal download, the hash identifier of the downloaded file, the ISP, and the location of the IP address.  Also

significant are the steps taken by the plaintiff to locate and identify the Doe defendants.  Further, courts have looked to whether the elements of a copyright infringement claim have been pled.  Courts also have considered whether the proposed discovery seeks information likely to lead to information which would allow a plaintiff to effectuate service on the defendants.  Finally, courts have considered the likelihood of prejudice to any alleged infringers.  See, e.g., Vision Films, 2013 WL 1385203, at *2.

As noted above, in Exhibit 1 to its motion, TCYK provides the IP address assigned to each Doe defendant, the date and time of the download at issue, the hash identifier, the ISP, and the location of the IP address.  The Court concludes that, based on this information, TCYK has identified the Doe defendants with sufficient specificity.  Further, based on the declaration of Darren M. Griffin, a software consultant, TCYK has described in detail its efforts to identify the Doe defendants.  Additionally, TCYK has pled a copyright infringement claim.  Finally, TCYK has demonstrated that the information it seeks is likely to lead to information which will allow it to identify and perfect service on the Doe defendants.

Given TCYK's stated purpose in seeking this information, there is no suggestion that the Doe defendants would be prejudiced by allowing such limited expedited discovery.  Rather, as the Court explained in Malibu Media, LLC v. John Does 1-23, 2012 WL 1144822, *2 (D. Colo. April 4, 2012),

> Much like the Arista Records defendants, Defendants here have engaged in anonymous online behavior, which will likely remain anonymous unless Plaintiff is able to ascertain their identities.  Thus, Plaintiff reasonably believes that there are no practical methods to discover Defendants' identities without court-ordered discovery.  Accordingly, because it appears likely that Plaintiff will be thwarted in its attempts to identify Defendants without the benefit of formal discovery mechanisms, the court finds that

>     Plaintiff should be permitted to conduct expedited
>     discovery, pursuant to Fed.R.Civ.P. 45, for the limited
>     purpose of discovery the identities of Defendants.

Taking all of the above into account, the Court concludes that TCYK has demonstrated good cause for the expedited discovery.  Consequently, the motion for leave to take discovery will be granted.

                                III.

For the reasons stated above, the motion for leave to take discovery (#3) is granted.  The plaintiff may serve immediate discovery on Armstrong Cable Services, Clear Wireless, Com Net, Comcast Cable, Embarq Corporation, Fairpoint Communications, Frontier Communications, LUMOS Networks, OARNet, Suddenlink Communications, Verizon Wireless, WideOpenWest, and Wildblue Communications and on any later-discovered unknown or intermediary ISPs to obtain the identity of each Doe defendant by serving a Rule 45 subpoena seeking documents including the name, addresses and telephone numbers, e-mail addresses and Media Access Control addresses for each defendant.  The disclosure of this information is ordered pursuant to 20 U.S.C. §1232g(b)(2)(B) where applicable to educational institutions.  Any such information disclosed may be used by plaintiff solely for the purpose of protecting plaintiff's rights under the Copyright Act.


                                    /s/ Terence P. Kemp
                                    United States Magistrate Judge