IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TCYK, LLC,**

    **Plaintiff,**

  vs.                                      **Case No. 2:13-cv-688**
                                                 **Judge Marbley**
                                                 **Magistrate Judge King**

**JOHN DOES 1-37,**

    **Defendants.**

## OPINION AND ORDER

This is a copyright action in which plaintiff alleges that defendants copied and distributed plaintiff's copyrighted work, the motion picture "The Company You Keep." *Complaint*, Doc. No. 1, ¶ 5. Defendants are currently identified only by IP addresses. *Exhibit B*, attached to *Complaint*. On the same day that the *Complaint*, Doc. No. 1, was filed, plaintiff also filed an *ex parte* motion seeking to conduct limited, expedited discovery of non-party internet service providers in order to determine the identities of defendants. Doc. No. 3. Specifically, plaintiff sought leave to serve a subpoena pursuant to Fed. R. Civ. P. 45 on certain ISPs in order to discover the name, address(es), telephone number(s), e-mail address(es), and Media Access Control ("MAC") addresses of each Doe defendant whom plaintiff has identified to date (as well as those whom plaintiff may identify in the future). *Id*. at pp. 20-21. This Court granted plaintiff's *ex parte* motion, concluding that plaintiff had established good cause because it could not meet its service obligation under Fed.

R. Civ. P. 4 without the requested discovery.  *Order*, Doc. No. 4, pp. 1-2.

On September 16, 2013, an unidentified Doe Defendant filed a motion to quash and to sever.  *Motion to Quash*, Doc. No. 6.  The motion did not, however, comply with Fed. R. Civ. P. 11 because the movant withheld his or her real name, did not sign the motion, and did not provide an email address or telephone number.  *See Order*, Doc. No. 7.  The Court therefore ordered the movant to

> submit for filing a signed copy of the *Motion to Quash* which contains the information required by Rule 11(a).  Alternatively, the movant may file, within fourteen (14) days, a motion to proceed anonymously.  To the extent that the movant has reasons for seeking protection of his or her identity from disclosure, he or she may submit the motion under seal and request leave to proceed with the motion *ex parte*.

*Id*.

This matter is now before the Court for consideration of the *Motion for Protective Order on Behalf of John Doe IP 71.50.217.22* ("*Motion to Proceed Anonymously*"), Doc. No. 10, which was filed in response to the Court's September 16, 2013 *Order*.  The moving defendant seeks to proceed anonymously in this action "to prevent undue burden and annoyance."  *Id*. at p. 1.  The moving defendant "believe[s]" that plaintiff is a "copyright troller" and represents that "[c]opyright trollers have been known to harass the Doe defendants once they received their contact information."  *Id*.  The moving defendant "fear[s] that [he or she] will be unjustly[] and incessantly harassed" if required to "sign any documents for public discloser or discloser to the plaintiff."  *Id*. at p. 2.  The moving defendant also contends that he or she should be permitted to proceed

anonymously because an unauthorized user may have committed the alleged copyright infringement. *Id*. at pp. 2-3. These arguments are not well taken.

As an initial matter, the moving defendant has failed to comply with the Court's September 16, 2013 *Order* because the motion fails to comply with the signature requirements of Fed. R. Civ. P. 11(a) and does not provide the movant's email address or telephone number, even for filing under seal.

As discussed *supra*, the moving defendant expresses a "fear" of being "unjustly[] and incessantly harassed" should his or her identity be revealed to plaintiff or the public. *Motion to Proceed Anonymously*, pp. 1-2. The moving defendant also represents that plaintiffs in other, similar copyright infringement cases "have been known to harass the Doe defendants." *Id*. However, a desire to avoid persistent contact by a plaintiff has been found to be an inadequate basis for allowing a party to proceed anonymously. *See, e.g., Malibu Media, LLC v. John Does 1-13*, No. CV 12-1156(JFB)(ETB), 2012 WL 2325588, at *2 (E.D.N.Y. June 19, 2012). Moreover, other than generalized fears, the moving defendant has offered no evidence (or even allegation) that the plaintiff in this action has engaged in abusive litigation tactics. On this record, this Court declines to assume that plaintiff will engage in such misconduct. *See*, *e.g.*, *Malibu Media, LLC v. John Does 1-5*, 285 F.R.D. 273, 278 (S.D. N.Y. 2012) ("[N]one of the instances of improper litigation tactics that have been brought to our attention involve plaintiff or plaintiff's counsel. We are reluctant to prevent plaintiff from proceeding with

3

its case based only on a 'guilt-by-association' rationale."). The Court also notes that, unlike the allegations of illegal downloads in other actions addressing coercive settlements, *cf. id.*, this litigation does not, apparently, involve the alleged downloading of pornography. Moreover, should any Doe defendant establish that plaintiff's claims have been vexatiously pursued or are frivolous, or if any Doe defendant prevails, that party may seek sanctions and/or reimbursement for his or her costs and fees. *See* Fed. R. Civ. P. 11; 28 U.S.C. § 1927; 17 U.S.C. § 505; Fed. R. Civ. P. 54. For all these reasons, the moving defendant's request to proceed anonymously based on a generalized fear of harassment is not well taken.

The moving defendant also argues that he or she should be permitted to proceed anonymously because it may have been an unauthorized user – not the moving defendant – who committed the alleged copyright infringement. *Motion to Proceed Anonymously*, pp. 2-3. As discussed *supra*, the Court previously concluded that plaintiff's request for expedited discovery was supported by good cause. *Order*, Doc. No. 4 (citing *Arista Records, LLC v. Does 1-15*, No. 2:07-cv-450, 2007 WL 5254326, at *2 (S.D. Ohio May 17, 2007)). *See also Breaking Glass Pictures v. Does 1-99*, No. 2:13-cv-389, 2013 U.S. Dist. LEXIS 88090 (S.D. Ohio June 24, 2013) (finding good cause and permitting expedited discovery in a copyright infringement case in order to obtain the identity of each Doe defendant). To the extent that the movant asks the Court to revisit this conclusion, he or she has offered nothing to establish that the prior decision was erroneous. Moreover, arguments related to the merits of the claims

4

and allegations in the *Complaint* are appropriately addressed in the context of a motion to dismiss or a motion for summary judgment, rather than on a motion to quash a subpoena. *See*, *e.g.*, *First Time Videos, LLC*, 276 F.R.D. 241, 250 (N.D. Ill. Aug. 9, 2011).

Allowing a party to proceed anonymously is the exception and not the rule. *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005). The moving defendant does not explain how disclosure of his or her name, address, telephone number, e-mail address, and MAC address would harm the moving defendant. The moving defendant also has not shown that the need for remaining anonymous substantially outweighs the risk of unfairness to plaintiff or the general presumption that a party's identity is public information. *See E.E.O.C. v. Care Centers Mgmt. Consulting, Inc.*, No. 2:12-cv-207, 2012 WL 4215748, at *3 n.2 (E.D. Tenn. Sept. 18, 2012). The moving defendant's request to proceed anonymously is therefore without merit.

Accordingly, the *Motion for Protective Order on Behalf of John Doe IP 71.50.217.22*, Doc. No. 10, is **DENIED**.

The *Motion to Quash Subpoena*, Doc. No. 6, remains pending. Within fourteen (14) days of this order, the movant shall submit for filing a signed copy of the *Motion to Quash*, Doc. No. 6, which contains the information required by Rule 11(a). The movant's failure to comply with this *Order* as directed may result in an order striking the *Motion to Quash*.

October 1, 2013                              *s/Norah McCann King*
                                             Norah M<sup>c</sup>Cann King
                                             United States Magistrate Judge